## UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

| | |
|---|---|
| **MATTHEW HUNT**<br>910 M Street NW, #330<br>Washington, DC 20001<br><br>      Plaintiff,<br><br>v.<br><br>**LESLIE LIEN CHEN**<br>8925 Liberty Lane<br>Potomac, MD 20854<br><br>      Defendant. | Case No. _____ |

### COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff Matthew Hunt ("Plaintiff" or "Mr. Hunt") and for his Complaint against Defendant Leslie Lien Chen ("Defendant" or "Ms. Chen") states as follows:

### JURISDICTION AND VENUE

1. Subject matter jurisdiction in this matter is founded on diversity of citizenship and amount in controversy under 28 U.S.C. § 1332(a)(1).

2. The matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states. Specifically, Plaintiff is a citizen of the District of Columbia and Defendant is a citizen of the State of Maryland.

3. Venue in this action properly lies in the United States District Court for the Eastern District of Virginia, Alexandria Division, under 28 U.S.C. § 1391(b)(2), insofar as a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

4. This Court has personal jurisdiction over Defendant in that the incident giving rise to this action occurred in the Commonwealth of Virginia, and Defendant caused tortious injury by her acts and omissions in the Commonwealth of Virginia.

## PARTIES

5. Plaintiff Matthew Hunt is an adult citizen of the District of Columbia, residing at 910 M Street NW, #330, Washington, DC 20001.

6. Defendant Leslie Lien Chen is an adult citizen of the State of Maryland, residing at 8925 Liberty Lane, Potomac, MD 20854.

## FACTS

7. At or about 6:00 PM on February 19, 2020, Mr. Hunt was lawfully driving his 2020 Acura RDX southbound in the left-hand lane on George Washington Memorial Parkway in McLean, Virginia.

8. At the same time and place, Ms. Chen was driving her 2000 Mercedes SUV, traveling southbound in the left-hand lane on George Washington Memorial Parkway, directly behind Mr. Hunt.

9. Traffic ahead of Mr. Hunt came to a complete stop, so Mr. Hunt stopped his vehicle as well.

10. Ms. Chen did not stop. She continued to accelerate and struck the rear of Mr. Hunt's legally stopped vehicle.

11. The force of the collision was so great that Mr. Hunt's vehicle was thrown forward and collided with the Dodge Charger stopped in traffic directly in front of him.

12. The force of *that* collision was so great that the Dodge Charger was thrown

forward into the vehicle stopped in front of it, a Hyundai Santa Fe.

13. Thus, due to Ms. Chen's failure to stop, Mr. Hunt endured two separate collisions, both when Ms. Chen's vehicle struck him and when his vehicle struck the Dodge Charger.

14. As a direct and proximate result of Defendant's tortious actions as aforesaid, Mr. Hunt suffered severe and permanent injuries to numerous parts of his body, including but not limited to, severe pain in his left shoulder, prominent herniations in the sixth and seventh cervical vertebrae, a left lateral recess disc protrusion which caused left-sided spinal canal stenosis, cervical radiculopathy, radiating pain down his left arm and hand, and numbness and weakness in both arms and hands. Mr. Hunt's cervical and spinal injuries ultimately required surgery.

15. At no time did Plaintiff act negligently, nor did he assume any risk.

## COUNT I
### (Negligence)

16. The preceding paragraphs are incorporated by reference as though fully set forth herein.

17. At all relevant times, Defendant owed Plaintiff, as another legal user of the public roadways, a duty of care to operate her vehicle in a safe and proper manner.

18. Defendant breached the aforesaid duties of care, breached the applicable standards of care, and was negligent in the following ways, *inter alia*:

    (a) Failing to pay full time and attention to the operation of her vehicle;

    (b) Failing to keep a proper lookout;

    (c) Failing to operate her vehicle safely;

3

      (d)    Failing to maintain control of her vehicle;

      (g)    Following another vehicle more closely than is reasonable and prudent;

      (h)    Striking Plaintiff;

      (i)    Driving at a dangerous and reckless speed; and

      (j)    Violating the below-listed local regulations without explanation.

19. Plaintiff's injuries and damages as articulated herein were a direct and proximate result of the aforesaid wrongful acts and neglect of Defendant.

20. Plaintiff acted properly in all respects and was free from negligence in connection with this incident.

21. As a direct and proximate result of Defendant's tortious actions as aforesaid, Mr. Hunt suffered severe and permanent injuries to numerous parts of his body, including but not limited to, severe pain in his left shoulder, prominent herniations in the sixth and seventh cervical vertebrae, a left lateral recess disc protrusion which caused left-sided spinal canal stenosis, cervical radiculopathy, radiating pain down his left arm and hand, and numbness and weakness in both arms and hands. Mr. Hunt's cervical and spinal injuries ultimately required surgery.

22. As a further direct and proximate result of Defendant's negligent acts and omissions, Plaintiff has incurred approximately $79,505.40 in medical expenses to date.

23. Additionally, as a direct and proximate result of the negligent acts and omissions of Defendant, Plaintiff will continue to incur medical expenses in the future.

24. As a further direct and proximate result of Defendant's negligence, Plaintiff has suffered a past loss of earnings and an impairment of future earning capacity.

25. Plaintiff's injuries continue to impact his life and will do so for the rest of his life.

26. As a further direct and proximate result of the negligent acts and omissions of Defendant, Plaintiff was, and continues to be, prevented from pursuing his normal routine and customary activities.

27. As a further direct and proximate result of Defendant's negligent acts and omissions, Plaintiff has been caused to undergo, and will undergo in the future, physical, mental, and emotional pain and suffering.

28. For such injuries proximately resulting from the negligent acts and omissions of Defendant, Defendant is liable to Plaintiff for compensatory damages in the amount of TWO MILLION DOLLARS ($2,000,000.00), which amount shall be proven at trial.

## COUNT II
### (Negligence *per se*)

29. The preceding paragraphs are incorporated by reference as though fully set forth herein.

30. As described herein, Defendant's conduct violated the motor vehicle laws of the Commonwealth of Virginia. Those violations include, *inter alia*:

    (a) following another vehicle more closely than is reasonable and prudent, in violation of *Va. Code Ann.* § 46.2-816;

    (b) driving in a manner to endanger Plaintiff's life, limb, or property, in violation of *Va. Code Ann.* § 46.2-852.

31. The motor vehicle laws of the Commonwealth of Virginia are designed to protect individuals in motor vehicles on Virginia roads.

32. Plaintiff is a member of the class of persons the motor vehicle laws of the Commonwealth of Virginia are designed to protect.

33. Defendant's violations of the motor vehicle laws of the Commonwealth of

Virginia were a direct and proximate cause of Plaintiff's injuries and damages.

34. Defendant's violations of the motor vehicle laws of the Commonwealth of Virginia, which caused Plaintiff's injuries and damages, render her negligent as a matter of law.

35. Plaintiff's injuries and damages as articulated herein were a direct and proximate result of the aforesaid wrongful acts and negligence of Defendant.

36. Plaintiff acted properly in all respects and was free from negligence in connection with this incident.

37. As a direct and proximate result of Defendant's tortious actions as aforesaid, Mr. Hunt suffered severe and permanent injuries to numerous parts of his body, including but not limited to, severe pain in his left shoulder, prominent herniations in the sixth and seventh cervical vertebrae, a left lateral recess disc protrusion which caused left-sided spinal canal stenosis, cervical radiculopathy, radiating pain down his left arm and hand, and numbness and weakness in both arms and hands. Mr. Hunt's cervical and spinal injuries ultimately required surgery.

38. As a further direct and proximate result of the negligent acts and omissions of Defendant, Plaintiff has incurred approximately $79,505.40 in medical expenses to date.

39. Additionally, as a direct and proximate result of the negligent acts and omissions of Defendant, Plaintiff will in the future continue to incur medical expenses.

40. As a further direct and proximate result of Defendant's negligence, Plaintiff has suffered a past loss of earnings and an impairment of future earning capacity.

41. Plaintiff's injuries continue to impact his life and will do so for the rest of his life.

42. As a further direct and proximate result of the negligent acts and omissions of Defendant, Plaintiff was, and continues to be, prevented from pursuing his normal routine and

customary activities.

43. As a further direct and proximate result of Defendant's negligent acts and omissions, Plaintiff has been caused to undergo, and will undergo in the future, physical, mental, and emotional pain and suffering.

44. For such injuries proximately resulting from the negligent acts and omissions of Defendant, Defendant is liable to Plaintiff for compensatory damages in the amount of TWO MILLION DOLLARS ($2,000,000.00), which amount shall be proven at trial.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant, as follows: (1) compensatory damages in the amount of TWO MILLION DOLLARS ($2,000,000.00), which shall be proven at trial; (2) pre- and post-judgment interest; (3) costs; and (4) such other and further relief as this Court may deem just and proper.

## JURY TRIAL REQUESTED

Plaintiff, by counsel, respectfully requests a trial by jury on all issues.

Respectfully submitted,

By: Peter C. Grenier (VSB #50997)
GRENIER LAW GROUP PLLC
1920 L Street, N.W., Suite 750
Washington, D.C. 20036
pgrenier@grenierlawgroup.com
Tel: (202) 768-9600
Fax: (202) 768-9604

Dated: October 12, 2021